**FILED**

OA 91  Criminal Complaint

# United States District Court

MAY X 8 2008

RICHARD W WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

<u>NORTHERN</u>    DISTRICT OF    <u>CALIFORNIA</u>

| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
|---|---|
| V. | |
| HUGO ERNESTO BARRIGA-PACHECO; ISRAEL GALLEGOS-HERNANDEZ; and HECTOR ADOLFO QUEZADA-CASILLAS | Case Number: **4 - 0 8 - 7 0 2 7 4** |

EMC

WDB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my

knowledge and belief. On or about <u>May 7, 2008</u>    in <u>Alameda</u>    County, in
                                      (Date)

the <u>Northern</u>    District of <u>California</u>    defendant(s) did,

(Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, and conspire to possess with intent to distribute and to distribute a Schedule II controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine,

in violation of Title <u>21</u>    United States Code, Section(s) <u>841(a)(1) and 846</u>    .

I further state that I am a(n)    <u>Special Agent for the DEA</u>    and that this complaint is based on the following facts:

See attached affidavit.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved
As To    Wade M. Rhyne    WMR
Form:
        AUSA

Brian Keenan, Special Agent
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

May 8, 2008    at    San Francisco, California
Date                                    City and State

Honorable Edward M. Chen    U.S. Magistrate Judge
Name & Title of Judicial Officer    Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brian Keenan, being duly sworn, declare as follows:

1.      I am a Special Agent (SA) of the United States Department of Justice, Drug Enforcement Administration (DEA) and have been so employed since January of 2005. Prior to being a DEA agent, I was a police officer for the Chicago Police Department, Chicago, Illinois, for approximately 5 years. My current duties and responsibilities involve the investigation of criminal violations of the Controlled Substances Act (Title 21 United States Code) and other duties imposed by law. I am participating in an investigation concerning the trafficking of methamphetamine.

2.      I am currently assigned to the San Francisco Field Division, Oakland Resident Office Enforcement Group 2. I received formal training at the DEA's Basic Agent Training Academy at the Justice Training Center in Quantico, Virginia, from September of 2005 to January of 2006. This seventeen-week DEA Basic Agent Academy included instruction in, but not limited to, basic narcotic investigations, drug identification, drug detection, familiarization with United States narcotics laws, money laundering techniques and schemes, identification and seizure of drug-related assets, undercover work, and surveillance operations. During my tenure with DEA, I have conducted and assisted in narcotics investigations, which have resulted in the arrests of individuals for violations of federal and state narcotics laws. These investigations have covered illegal substances including methamphetamine. I have also received on-the-job training in advanced investigative techniques from senior DEA Agents. I am participating in an investigation concerning the distribution and sale of controlled

1

substances, specifically methamphetamine. The primary focus of the investigation is methamphetamine distribution by Hugo Ernesto BARRIGA-PACHECO, Israel GALLEGOS-HERNANDEZ, and Hector Adolfo QUEZADA-CASILLAS.

3.     The following facts are offered by way of my personal knowledge and information provided to me by other federal agents, police officers, intelligence and criminal records, and third party records. All facts known to me about this investigation are not included within this affidavit.

4.     This affidavit contains information I believe establishes probable cause for this application. I make this affidavit in support of a complaint for the defendants in this matter, Hugo Ernesto BARRIGA-PACHECO, Israel GALLEGOS-HERNANDEZ, and Hector Adolfo QUEZADA-CASILLAS.

5.     The following facts demonstrate that there is probable cause to believe that the defendants, did knowingly and intentionally possess with the intent to distribute methamphetamine, a Schedule II substance, including approximately 2 pounds of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

6.     On March 21, 2008 an Immigration and Customs Enforcement (ICE) Confidential Source (CS) met with two unidentified Hispanic males known only as Rubin and Jaime. Rubin and Jaime stated that they knew a person that would be capable of supplying the CS with cocaine, but that this person was not available to meet at the current time because this person was tired from transporting a load of cocaine from Mexico to the San Jose, California area, and was asleep. Approximately one hour after the meeting the CS received a telephone call from an individual using the name RAY,

2

later identified as Israel GALLEGOS-HERNANDEZ. The CS and Israel GALLEGOS-
HERNANDEZ agreed to meet later that day.

7.      The CS and Israel GALLEGOS-HERNANDEZ met on March 21, 2008 in
San Jose, California. Upon arriving at the meeting, the CS observed Israel GALLEGOS-
HERNANDEZ in the passenger seat of a green 1995 Volkswagen Jetta with California
license plate 3TTL498. The driver of this vehicle was later identified as Hector Adolfo
QUEZADA-CASILLAS. Israel GALLEGOS-HERNANDEZ and the CS then met and
discussed future narcotic transactions. Hector Adolfo QUEZADA-CASILLAS remained
present during the entire discussion between Israel GALLEGOS-HERNANDEZ and the
CS. Israel GALLEGOS-HERNANDEZ stated to the CS that Israel GALLEGOS-
HERNANDEZ has a friend in Mexico who transports kilogram quantities of cocaine
from Mexico to San Jose, California, and that Israel GALLEGOS-HERNANDEZ had
two kilograms of cocaine available for the CS to purchase for $17,000 each. The CS told
Israel GALLEGOS-HERNANDEZ that the CS would only be willing to purchase
narcotics from Israel GALLEGOS-HERNANDEZ if Israel GALLEGOS-HERNANDEZ
was able to provide a minimum of ten kilograms of cocaine. Israel GALLEGOS-
HERNANDEZ agreed to the minimum amount of cocaine and then offered to sell the CS
methamphetamine for $22,000 a pound. The CS stated that he would be interested. This
meeting then ended.

8.      Between March 21, 2008 and April 2, 2008 there were several recorded
telephone conversations between the CS and Israel GALLEGOS-HERNANDEZ. During
these conversations Israel GALLEGOS-HERNANDEZ and the CS negotiated the

3

location of a future deal for cocaine, and how the CS and Israel GALLEGOS-HERNANDEZ were going to do the deal. Israel GALLEGOS-HERNANDEZ stated that he would sell the CS two kilograms of cocaine, and the CS stated that the CS wanted at least ten kilograms of cocaine. Israel GALLEGOS-HERNANDEZ stated that if Israel GALLEGOS-HERNANDEZ was going to provide the CS with ten kilograms of cocaine on one day, Israel GALLEGOS-HERNANDEZ would like to conduct five separate two kilogram transactions during that day. Israel GALLEGOS-HERNANDEZ then suggested that Israel GALLEGOS-HERNANDEZ sell the CS five kilograms of cocaine and five pounds of methamphetamine. Israel GALLEGOS-HERNANDEZ also stated that Israel GALLEGOS-HERNANDEZ's source of supply was traveling to the San Jose, California area from Mexico and wanted to meet the CS. The CS agreed to meet Israel GALLEGOS-HERNANDEZ and the source of supply on April 3, 2008.

9.      On April 3, 2008 the CS met Israel GALLEGOS-HERNANDEZ and Hector Adolfo QUEZADA-CASILLAS in San Jose, California. Hector Adolfo QUEZADA-CASILLAS was driving the green 1995 Volkswagen Jetta with California license plate 3TTL498, and Israel GALLEGOS-HERNANDEZ was in the passenger seat. Israel GALLEGOS-HERNANDEZ, Hector Adolfo QUEZADA-CASILLAS, and the CS then went into Emma Prush Park and met with an individual known only as VICTOR. During this meeting the CS and VICTOR discussed future narcotics transactions. Hector Israel GALLEGOS-HERNANDEZ and Adolfo QUEZADA-CASILLAS remained present during the entire discussion between CS and VICTOR. VICTOR told the CS that VICTOR would be able to provide the CS with ten kilograms of cocaine or ten pounds of

4

methamphetamine. VICTOR also suggested that they conduct the transaction in five

separate two kilogram or pound transactions. This meeting then ended.

10.      Between April 4, 2008 and April 23, 2008 the CS and Israel GALLEGOS-

HERNANDEZ had a series of recorded telephone conversations in which Israel

GALLEGOS-HERNANDEZ and the CS negotiated for a future narcotics transaction.

During these conversations Israel GALLEGOS-HERNANDEZ agreed to sell the CS five

pounds of methamphetamine and five kilograms of cocaine at one time once the CS had

the money available to purchase the narcotics.  The CS and Israel GALLEGOS-

HERNANDEZ agreed to do the deal in Fremont, California.  Israel GALLEGOS-

HERNANDEZ suggested that the deal take place in a hotel room because Israel

GALLEGOS-HERNANDEZ did not want to do the deal on the street.  Israel

GALLEGOS-HERNANDEZ and the CS agreed that Israel GALLEGOS-HERNANDEZ

would sell the CS five pounds of methamphetamine for $21,000 a pound, and five

kilograms of cocaine for $19,000 a kilogram, for a total of $200,000.  On April 21, 2008

Israel GALLEGOS-HERNANDEZ contacted the CS and stated that Israel GALLEGOS-

HERNANDEZ was ready to do the deal on Thursday (April 24, 2008), but that the cost

of methamphetamine was too expensive and that Israel GALLEGOS-HERNANDEZ

would instead sell the CS ten kilograms of cocaine.

11.      On April 24, 2008 there were several recorded telephone conversations

between Israel GALLEGOS-HERNANDEZ and the CS.  During these conversations

Israel GALLEGOS-HERNANDEZ stated that he was in Santa Rosa, California and that

Israel GALLEGOS-HERNANDEZ was able to do the deal later that night, or early the

5

following morning. Israel GALLEGOS-HERNANDEZ also stated that an individual who works for VICTOR was arrested and unable to do the deal, but that Israel GALLEGOS-HERNANDEZ would be able to obtain the cocaine from a different source.

12.    On April 25, 2008 there were several recorded telephone conversations between Israel GALLEGOS-HERNANDEZ and the CS. During these conversations Israel GALLEGOS-HERNANDEZ stated that he was unable to obtain the cocaine and methamphetamine and that Israel GALLEGOS-HERNANDEZ was not able to do the deal. Israel GALLEGOS-HERNANDEZ then apologized to the CS. The CS then told Israel GALLEGOS-HERNANDEZ to call the CS when Israel GALLEGOS-HERNANDEZ has the narcotics and is able to do the deal.

13.    Between April 26, 2008 and May 6, 2008 Israel GALLEGOS-HERNANDEZ and the CS had a series of recorded telephone conversations. During these conversations Israel GALLEGOS-HERNANDEZ stated to the CS that Israel GALLEGOS-HERNANDEZ has a different source of supply that can supply the CS with five pounds of methamphetamine. Israel GALLEGOS-HERNANDEZ later called the CS again and stated that the new source had seven pounds of methamphetamine available for the CS. The CS told Israel GALLEGOS-HERNANDEZ that the CS was currently out of town and that the CS would call Israel GALLEGOS-HERNANDEZ when the CS was back in town. The CS and Israel GALLEGOS-HERNANDEZ then agreed to meet on May 7, 2008. The CS told Israel GALLEGOS-HERNANDEZ that the CS was not going to be bringing any money to the meeting and that the CS wanted to meet the new source of supply. Israel GALLEGOS-HERNANDEZ stated that Israel GALLEGOS-

6

HERNANDEZ was prepared for the deal and was going to show the CS that Israel

GALLEGOS-HERNANDEZ was ready to do the deal. Israel GALLEGOS-

HERNANDEZ then told the CS that the methamphetamine would cost $20,000 a pound.

14.    On May 7, 2008 the CS met Israel GALLEGOS-HERNANDEZ in the

parking lot of a shopping center located at 5152 Mowrey Avenue, Fremont, California.

This meeting was recorded by a recording device worn by the CS. Israel GALLEGOS-

HERNANDEZ arrived in a brown 1998 Cadillac sedan with California license plate

5HTH150. This vehicle was being driven by Hector Adolfo QUEZADA-CASILLAS.

During the meeting Israel GALLEGOS-HERNANDEZ stated that his source of supply

was coming from San Jose with the five pounds of methamphetamine. Israel

GALLEGOS-HERNANDEZ stated that he did not want to do the deal in this parking lot,

and the CS agreed to do the deal elsewhere once the CS saw the methamphetamine.

Israel GALLEGOS-HERNANDEZ then asked the CS if the CS was ready to do the deal

and the CS stated that the money for the methamphetamine was in a nearby hotel. Israel

GALLEGOS-HERNANDEZ then told the CS that Israel GALLEGOS-HERNANDEZ

was going to meet with his source of supply and bring the source of supply back to the

parking lot to meet the CS. Israel GALLEGOS-HERNANDEZ and Hector Adolfo

QUEZADA-CASILLAS then left the parking lot in the Cadillac.

15.    Approximately fifteen minutes later, Israel GALLEGOS-HERNANDEZ

and Hector Adolfo QUEZADA-CASILLAS returned to the parking lot in the Cadillac

and again met with the CS. The CS then asked where the source of supply was, and

Israel GALLEGOS-HERNANDEZ told the CS that the source of supply was nearby.

7

16.    Approximately fifteen minutes after Israel GALLEGOS-HERNANDEZ and Hector Adolfo QUEZADA-CASILLAS had returned to the parking lot, a green 1999 Buick sedan with California license plate 4DFL872 entered the lot and parked near the area where Israel GALLEGOS-HERNANDEZ, Hector Adolfo QUEZADA-CASILLAS, and the CS were standing. The driver of the Buick was later identified as Hugo Ernesto BARRIGA-PACHECO, and the passenger of the Buick was later identified as Salvador Palacios-Flores. Hugo Ernesto BARRIGA-PACHECO exited the Buick and approached the CS and Israel GALLEGOS-HERNANDEZ. Salvador Palacios-Flores then exited the Buick and approached Hector Adolfo QUEZADA-CASILLAS. Hugo Ernesto BARRIGA-PACHECO, Israel GALLEGOS-HERNANDEZ and the CS then walked over to the Buick and Hugo Ernesto BARRIGA-PACHECO told the CS that Hugo Ernesto BARRIGA-PACHECO had two pounds of methamphetamine right now and three more in San Jose. Israel GALLEGOS-HERNANDEZ then entered the rear seat of the Buick and the CS entered the front passenger seat of the Buick.

17.    Hugo Ernesto BARRIGA-PACHECO then went to the trunk of the Buick and opened the trunk. Hugo Ernesto BARRIGA-PACHECO was then observed by ICE surveillance taking the top off of a car battery that was located in the trunk of the Buick and removing a clear plastic bag containing a substance that later field tested positive for methamphetamine. Hugo Ernesto BARRIGA-PACHECO then began walking to the front driver's side seat of the Buick. As Hugo Ernesto BARRIGA-PACHECO was walking to the front drivers seat of the Buick, the CS exited the Buick. The CS then saw Hugo Ernesto BARRIGA-PACHECO carrying the plastic bag containing

8

methamphetamine and both Hugo Ernesto BARRIGA-PACHECO and the CS re-entered the Buick. Once inside the Buick, Hugo Ernesto BARRIGA-PACHECO handed the bag containing methamphetamine to the CS and the CS examined the contents of the bag. The CS then placed the bag on the center console of the Buick. The CS then asked Hugo Ernesto BARRIGA-PACHECO where the second one is and Hugo Ernesto BARRIGA-PACHECO stated that he has it here and pointed at the dash board of the Buick. Israel GALLEGOS-HERNANDEZ then stated that Israel GALLEGOS-HERNANDEZ had three more at Israel GALLEGOS-HERNANDEZ's house. The CS then stated the CS was going to go get the money and exited the Buick.

18.     At this time law enforcement personnel approached Hugo Ernesto BARRIGA-PACHECO, Israel GALLEGOS-HERNANDEZ, Hector Adolfo QUEZADA-CASILLAS, and Salvador Palacios-Flores and placed them into custody. A search of the Buick revealed from the center console a clear plastic bag containing approximately one pound of methamphetamine. A K-9 trained to detect the odor of narcotics was then brought to the Buick and alerted to the scent of narcotics in the vicinity of the front passenger-side dash board and engine compartment. A search of this area of the Buick revealed a hidden compartment containing a clear zip-lock style plastic bag that was further wrapped in plastic wrap containing approximately one pound of methamphetamine.

19.     Hugo Ernesto BARRIGA-PACHECO was read his rights per Miranda and agreed to speak with investigators. Hugo Ernesto BARRIGA-PACHECO admitted to having two pounds of "crystal" and stated that Hugo Ernesto BARRIGA-PACHECO

9

obtained the two pounds at a bar named the Red Barron from an individual known only to Hugo Ernesto BARRIGA-PACHECO as PUMPKIN. Hugo Ernesto BARRIGA-PACHECO further stated that the cost of the methamphetamine was $14,000 a pound. Hugo Ernesto BARRIGA-PACHECO stated that approximately one week ago Israel GALLEGOS-HERNANDEZ asked Hugo Ernesto BARRIGA-PACHECO if Hugo Ernesto BARRIGA-PACHECO could get methamphetamine and Hugo Ernesto BARRIGA-PACHECO said that he would investigate. Hugo Ernesto BARRIGA-PACHECO then told investigators that on May 6, 2008 Hugo Ernesto BARRIGA-PACHECO obtained the two pounds of methamphetamine from PUMPKIN. Hugo Ernesto BARRIGA-PACHECO stated that Hugo Ernesto BARRIGA-PACHECO was going to make $500 per pound during this transaction and that the rest of the money would go to PUMPKIN.

20.    Based on the aforementioned facts, and my training and experience there is probable cause to believe that the defendants, Hugo Ernesto BARRIGA-PACHECO, Israel GALLEGOS-HERNANDEZ, and Hector Adolfo QUEZADA-CASILLAS, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance, including approximately 2 pounds of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

///

///

///

///

10

21.     I declare under penalty of perjury that the facts contained herein are true

and correct to the best of my information and belief.

_____
Brian Keenan
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 8th day of May, 2008.

_____
HON. EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

11

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

VIOLATIONS: 21 U.S.C. §§ 841(a)(1)
841(b)(1)(A)(viii), 846 - Possession with intent
to distribute, conspiracy to possess with intent
to distribute and conspiracy to distribute

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See Attachment to Penalty Sheet.

---

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶  HUGO ERNESTO BARRIGA-PACHECO

DISTRICT COURT NUMBER

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40. Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM    JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Wade M. Rhyne, AUSA

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons
   was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?    ☑ Yes    If "Yes"
               ☐ No     give date
                        filed    5/7/2008

Month/Day/Year

**DATE OF
ARREST**    5/7/2008

Or... if Arresting Agency & Warrant were not

Month/Day/Year

**DATE TRANSFERRED** ▶
**TO U.S. CUSTODY**    5/7/2008

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments: _____

**ATTACHMENT TO PENALTY SHEET FOR:**
**HUGO ERNESTO BARRIGA-PACHECO;**
**ISRAEL GALLEGOS-HERNANDEZ; and**
**HECTOR ADOLFO QUEZADA-CASILLAS**

**COUNT ONE:  21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii) - Conspiracy To Possess With Intent To Distribute And To Distribute A Schedule II Controlled Substance (Methamphetamine).**

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |

**COUNT TWO:  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) - Possession with Intent to Distribute (Methamphetamine).**

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
|---|
| NORTHERN DISTRICT OF CALIFORNIA |

─── OFFENSE CHARGED ───

VIOLATIONS: 21 U.S.C. §§ 841(a)(1)
841(b)(1)(A)(viii), 846 - Possession with intent
to distribute, conspiracy to possess with intent
to distribute and conspiracy to distribute

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See Attachment to Penalty Sheet.

─── DEFENDANT - U.S. ───

▶ ISRAEL GALLEGOS-HERNANDEZ

DISTRICT COURT NUMBER

─── PROCEEDING ───
Name of Complainant Agency, or Person (&Title, if any)
Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State
   Court, give name of court

☐ this person/proceeding is transferred from another
   district per (circle one) FRCrP 20, 21 or 40.  Show
   District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on
   motion of:
   ☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a
   pending case involving this same
   defendant
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding
   this defendant were recorded under

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

─── DEFENDANT ───

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons
      was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

| Has detainer been filed? | ☑ Yes ☐ No | If "Yes" give date filed | 5/7/2008 |
|---|---|---|---|

DATE OF ARREST    Month/Day/Year
5/7/2008

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year
5/7/2008

Name and Office of Person
Furnishing Information on
THIS FORM    JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Wade M. Rhyne, AUSA

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT    Bail Amount: No Bail
   If Summons, complete following:
   ☐ Arraignment  ☐ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons
Defendant Address:    or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET FOR:
## HUGO ERNESTO BARRIGA-PACHECO;
## ISRAEL GALLEGOS-HERNANDEZ; and
## HECTOR ADOLFO QUEZADA-CASILLAS

**COUNT ONE:** 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii) - Conspiracy To Possess With Intent To Distribute And To Distribute A Schedule II Controlled Substance (Methamphetamine).

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |

**COUNT TWO:** 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) - Possession with Intent to Distribute (Methamphetamine).

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment |
| | | Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime |
| | | Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
|---|
| NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

VIOLATIONS: 21 U.S.C. §§ 841(a)(1)
841(b)(1)(A)(viii), 846 - Possession with intent
to distribute, conspiracy to possess with intent
to distribute and conspiracy to distribute

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attachment to Penalty Sheet.

─── DEFENDANT - U.S. ───

► HECTOR ADOLFO QUEZADA-CASILLAS

DISTRICT COURT NUMBER

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)
Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:        SHOW
☐ U.S. Att'y  ☐ Defense   DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)   MAGISTRATE
before U.S. Magistrate regarding   CASE NO.
this defendant were recorded under

Name and Office of Person
Furnishing Information on    JOSEPH P. RUSSONIELLO
THIS FORM
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    Wade M. Rhyne, AUSA

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☑ Yes   If "Yes"
been filed?   ☐ No   give date
filed   5/7/2008

DATE OF   Month/Day/Year
ARREST   5/7/2008

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY   5/7/2008

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount:  No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons
Defendant Address:   or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET FOR:
### HUGO ERNESTO BARRIGA-PACHECO;
### ISRAEL GALLEGOS-HERNANDEZ; and
### HECTOR ADOLFO QUEZADA-CASILLAS

**COUNT ONE:** 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii) - Conspiracy To Possess With Intent To Distribute And To Distribute A Schedule II Controlled Substance (Methamphetamine).

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment<br>Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime<br>Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment<br>Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime<br>Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |

**COUNT TWO:** 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) - Possession with Intent to Distribute (Methamphetamine).

*If 851 Information alleging prior felony narcotics conviction filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment<br>Mandatory Minimum 20 Years Imprisonment |
| (2) | Fine: | Maximum $8,000,000 |
| (3) | Supervised Release: | Maximum Lifetime<br>Mandatory Minimum 10-Year Term |
| (4) | Special Assessment: | $100.00 |

*If 851 Information alleging prior felony narcotics conviction not filed:*

| | | |
|---|---|---|
| (1) | Imprisonment: | Maximum Life Imprisonment<br>Mandatory Minimum 10 Years Imprisonment |
| (2) | Fine: | Maximum $4,000,000 |
| (3) | Supervised Release: | Maximum Lifetime<br>Mandatory Minimum 5-Year Term. |
| (4) | Special Assessment: | $100.00 |